Filed 2/9/23  P. v. Hernandez CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079459 |
| v. | (Super.Ct.No. INF1402996) |
| NOEL HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge.

Affirmed.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Noel Hernandez appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We affirm.

**BACKGROUND**

Defendant and Carlos Martinez attacked Fabian Martinez, a man who was in an on-again, off-again relationship with defendant's sister.  In the course of the attack, Fabian was shot in the head at close range and died.  A jury convicted defendant and Carlos of second degree murder in the death of Fabian.  The jury also found defendant had personally discharged a firearm within the meaning of subdivision (d) of section 12022.53.  The court sentenced defendant to state prison for a term of 40 years to life.

Defendant appealed from the judgment.  We affirmed the conviction and remanded defendant's sentence to provide the trial court an opportunity to exercise its discretion under section 1385 to strike or dismiss the firearm enhancement.  (*People v. Hernandez* (Oct. 13, 2000, E070630) [nonpub. opn.].)  The court declined to strike the enhancement, and we affirmed its decision on appeal.  (*People v. Hernandez* (Oct. 20, 2021, E077422) [nonpub. opn.].)

In June 2022, defendant filed a section 1172.6 petition.  The People opposed the petition on the grounds defendant was the actual shooter and no instructions on the felony

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

murder rule or natural and probable consequences doctrine were given as to him. Defendant's counsel agreed. The trial court denied the petition and defendant appealed.

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. He does suggest a potentially arguable issue: whether the trial court erred when it found defendant ineligible for relief under section 1172.6 as a matter of law because he was not convicted of murder under the felony murder rule or the natural and probable consequences doctrine, or any theory under which malice was imputed to him based solely on his participation in some other crime. Counsel also posits that we are required to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Upon receipt of the brief from counsel, we sent the following notice to defendant: "Counsel for appellant has filed a brief stating no arguable issues can be found (*People v. Wende* (1979) 25 Cal.3d 436). The appellant is personally granted 30 days to file any supplemental brief deemed necessary." Defendant did not file a supplemental brief or letter.

### DISCUSSION

Contrary to defendant's claim, we are not required to conduct an independent review of the record in an appeal from a denial of a postconviction section 1172.6 petition in which appointed appellate counsel files a brief stating counsel was unable to

find an arguable issue. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222 (*Delgadillo*); *People v. Griffin* (2022) 85 Cal.App.5th 329, 333.)

As our Supreme Court explained in *Delgadillo*, because an appeal from denial of a section 1172.6 resentencing petition does not implicate a constitutional right to counsel, the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441-442, including an independent review of the record by Courts of Appeal, do not apply. (*Delgadillo*, *supra*, 14 Cal.5th at p. 224.) The Court agreed, however, with the parties' suggestion that it provide guidance for counsel and courts to follow in postconviction appeals in which appointed appellate counsel finds no arguable issues. (*Id.* at p. 231.) It therefore invoked its inherent supervisory powers to prescribe a basic procedural framework for use in future section 1172.6 no-issue appeals, leaving it to the Courts of Appeal to tailor and develop additional procedures as they see fit. (*Delgadillo*, at p. 231.)

The *Delgadillo* framework requires appointed appellate counsel who are unable to find an arguable issue to file a brief informing the appellate court of that determination, including a concise recitation of the facts bearing on the denial of the 1172.6 petition. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.* at pp. 231-232.)

If the defendant responds to the notice, the court is required to evaluate the arguments raised in the supplemental brief or letter and must issue a written opinion.

4

(*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  If the defendant does not respond to the court's notice, then the court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid.*)  If it chooses to dismiss, it may do so with or without a written opinion.  (*Ibid.*)  In all cases, the Courts of Appeal have discretion to conduct an independent review of the record, whether or not defendant files a supplemental brief or letter.  (*Ibid.*)

In *Delgadillo*, the Supreme Court suggested the appellate court is required to review the record if its notice to the defendant of the right to file a supplemental brief is deficient.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.)  There, the appellate court's notice to Delgadillo advised him his counsel had filed a brief that did not raise any arguable issues and cited *Wende*, *supra*, 25 Cal.3d 436.  (*Delgadillo*, at pp. 232-233.) The Supreme Court found the reference directly implicated *Wende* and could reasonably lead Delgadillo to conclude the Court of Appeal would conduct an independent review even if he did not submit a supplemental brief.  (*Id.* at p. 233.)  In addition, the notice did not caution him that failure to file a supplemental brief or letter might result in dismissal of his appeal as abandoned.  (*Ibid.*)  The Supreme Court found the notice was "suboptimal" and independently reviewed the record to determine whether the notice's deficiencies were harmless.  (*Ibid.*)  It found no error and affirmed.  (*Ibid.*)

Here, the notice to defendant, like the notice in *Delgadillo*, included a reference to *Wende* and did not warn defendant that we might dismiss the appeal as abandoned if he did not file a supplemental brief.  Accordingly, we conducted an independent review of the record in this case and found the deficiencies in our notice to defendant were

5

harmless because, as the actual killer of the victim, he is not entitled to any relief under section 1172.6.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
P. J.

I concur:

CODRINGTON\
J.

[*People v. Hernandez*, E079459]

RAPHAEL, J., Dissenting.

I would dismiss this appeal as abandoned in a simple unpublished order, as the criminal defendant raises no issues in a post-judgment appeal.

Our Supreme Court just approved this approach for this situation. In affirming the judgment of dismissal in *People v. Delgadillo* (2022) 14 Cal.5th 216, 234, the court stated that when the defendant makes no argument, the court of appeal "may dismiss the appeal as abandoned" and "does not need to write an opinion." (*Id*. at p. 232.)

As in *Delgadillo*, it does not matter that the defendant was given "suboptimal" notice that the appeal would be dismissed unless issues were raised. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) The record here, as in *Delgadillo*, "makes clear" that the defendant is not entitled to relief. (*Ibid.*) So, as *Delgadillo* held, a dismissal is proper.

The single-page hearing transcript on the defendant's Penal Code section 1172.6 petition shows that the parties agreed that his jury was given no felony murder or "natural and probable consequences" theory jury instructions. Nothing in our small record shows that the parties were wrong to agree to this. We should simply dismiss the appeal and note that the defendant is ineligible for relief per the parties' agreement.

RAPHAEL

J.

1